IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IEISHA MASS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 4:24-cv-01785 |
| § | |
| WELLS FARGO BANK, N.A., § | |
| AS TRUSTEE FOR OPTION ONE § | |
| MORTGAGE LOAN TRUST 2005-4 § | |
| ASSET-BACKED CERTIFICATES, § | |
| SERIES 2005-4 § | |
| § | |
| Defendant. § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2005-4 Asset-Backed Certificates, Series 2005-4, ("Wells Fargo"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for dismissal of this action and Plaintiff's attempted claims, if any, asserted against Wells Fargo in her Original Petition (the "Petition")[1] on the basis that the claims are barred by res judicata and collateral estoppel and the petition fails to allege facts, allegations, legal theories or causes of action sufficient to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6).

**I. Nature and Stage of the Proceedings**

1.      Plaintiff filed this suit, ostensibly to delay a foreclosure sale, despite admitting that she had not maintained loan payments.[2] On May 6, 2024, Plaintiff Ieisha Mass ("Plaintiff") filed her

---

[1] Plaintiffs' Original Petition & Application for Injunctive Relief, Docket No. 1-3.

[2] *Id*. at 3.

1

Original Petition, Petition for Declaratory Relief, and Application for Injunctive Relief Application in Cause No. 2024-28811, in the 11th District Court of Harris County, Texas (the "Action"). [3]

2. On May 13, 2024, Defendant Wells Fargo timely removed the Action to this Court.[4] Wells Fargo now moves to dismiss Plaintiff's claims as reflected in her Original Petition on the basis that Plaintiff's claims are barred by res judicata and collateral estoppel and Plaintiff fails to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12 (b)(6).

## II. Factual Background

3. According to Plaintiff's Petition, on or about August 1, 2005, Plaintiff executed a Deed of Trust in favor of Option One Mortgage Corporation of a $228,000.00 promissory note against the real property located 9514 Woodcliff Lake Drive, Spring, Texas 77379 ("Property").[5] The Deed of Trust is assigned of record to Wells Fargo Bank.[6] Plaintiff admits that she defaulted on the terms of the note and Deed of Trust.[7]

4. According to Plaintiff's Petition, she began to experience financial difficulties during the COVID-19 pandemic.[8]

5. Prior to the instant lawsuit, on September 2, 2021[9], Plaintiff brought a lawsuit against Defendant in Harris County District Court, alleging causes of action for declaratory judgment, breach of contract, violation of the Real Estate Settlement Procedures Act ("RESPA"), and seeking

---

[3] *Id.*, Docket No. 1-3.

[4] Defendant's Notice of Removal, Docket 1-1.

[5] Plaintiffs' Original Petition & Application for Injunctive Relief, Docket No. 1-3 at 3.

[6] Plaintiffs' Original Petition & Application for Injunctive Relief, Docket No. 1-3 at 4.

[7] *Id.*

[8] *Id.*

[9] Defendant respectfully asks the Court to take judicial notice of the previous lawsuit filed by Plaintiff, *Ieisha Mass v. Wells Fargo Bank*, NA, Cause No. 2021-56535, filed in the District Court of Harris County, Texas.

2

a temporary restraining order.[10] In that suit, Plaintiff alleged that she submitted a loan modification request in March 2022 to PHH Mortgage Corporation ("PHH")—Wells Fargo's mortgage servicer—but the application was not approved or denied prior to Wells Fargo setting the Property for foreclosure sale on September 7, 2021.[11] Wells Fargo timely removed the litigation to this Court. Thereafter, Wells Fargo filed a motion to dismiss for failure to state a claim.[12] On January 6, 2022, the Court granted Wells Fargo's Motion to Dismiss.[13]

6. In the instant suit, Plaintiff now alleges that, in October 2023, PHH provided her with a verbal reinstatement quote of $110,000, which was to paid by November 25, 2023.[14] Plaintiff further alleges that, on November 25, 2023, she submitted complete payment.[15] Plaintiff alleges that the payment was rejected.[16] According to Plaintiff, PHH then issued a new reinstatement quote of $123,949.46, for which payment was due on January 7, 2024.[17] Plaintiff did not accept the new reinstatement quote, and the Property was set for a May 7, 2024 foreclosure sale.[18]

7. Based upon these allegations, Plaintiffs filed suit against Wells Fargo on May 6, 2024 in Harris County District Court alleging causes of action for breach of contract, negligence, wrongful

---

[10] *Id.*

[11] *Id.* Plaintiff pled claims of breach of contract, violations of the Real Estate Settlement Procedures Act, breach of good faith and fair dealing, breach of duty of cooperation breach of common law tort of unreasonable collection efforts, negligent misrepresentation, common law fraud and sought declaratory relief.

[12] *Ieisha Mass v. Wells Fargo Bank*, NA, Case No. 4:21-cv-2962; filed in the United States District for the Southern District of Texas Houston, Division.

[13] *Id.*, Docket 18.

[14] Plaintiffs' Original Petition & Application for Injunctive Relief, Docket No. 1-3 at 3.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 4.

3

foreclosure, slander of title, and seeking a declaratory action and temporary restraining order.[19] Wells Fargo timely removed the litigation to this Court on May 13, 2024.[20]

### III. Applicable Legal Standard

9. "In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] complaint by 'accepting well-pleaded facts as true, viewing them in the light most favorable to plaintiff." *Bramlett v. Med. Protective Co. of Fort Wayne, Inc.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted)). Under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

### IV. Arguments and Authorities

**A. Plaintiff's claims are barred by *res judicata*.**

9. Plaintiff's Petition is fundamentally premised on the same claims, factual allegations, and legal conclusions that were fully and finally adjudicated in by this Court.[21] Consequently, this Court should dismiss the Petition as barred by *res judicata*.

10. *Res judicata*, or claim preclusion, "bars litigation of claims that either have been litigated or could have been raised in an earlier suit." *Test Masters Educational Servs., Inc. v. Singh*, 428

---

[19] Plaintiffs' Original Petition & Application for Injunctive Relief, Docket No. 1-3.

[20] Defendant's Notice of Removal, Docket 1-1.

[21] *Ieisha Mass v. Wells Fargo Bank*, NA, Case No. 4:21-cv-2962; filed in the United States District for the Southern District of Texas Houston, Division, Docket 18.

F.3d 559, 571 (5th Cir. 2005) (emphasis added).  "The test for *res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*  To determine whether both suits involve the same cause of action, the Court of Appeals for the Fifth Circuit employs a transactional test—a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction out of which the original action arose. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004).  Thus, *res judicata* precludes "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 872 (5th Cir. 1984).

11. All of the elements are met here.

**i. The parties are identical in privity to those in the prior lawsuit.**

12. First, in order for *res judicata* to apply, the parties in both actions must be identical or in privity. *See Test Masters Educ. Serv.*, 428 F.3d at 571.  When a non-party to the prior action is a successor in interest in property, that is sufficient to establish privity in the current action. *See Southwest Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977).  There is no dispute that both Plaintiff and Wells Fargo, itself or in its capacity as successor trustee, were parties to the 2021 action, which culminated in this Court granting Wells Fargo's motion to dismiss in January 2022.[22]  Accordingly, the first element of *res judicata* is satisfied.

**ii. Prior judgment rendered by a court of competent jurisdiction.**

13. Second, in order for *res judicata* to apply, the judgment in the prior action must be rendered

5

by a court of competent jurisdiction. *See Test Masters Educ. Serv.*, 428 F.3d at 571. A court is of competent jurisdiction if it has subject matter jurisdiction or is otherwise permitted to hear the claim. *See, e.g., Murchison Capital Partners, L.P. v. Nuance Communs., Inc.*, 625 Fed. App'x 617, 624 (5th Cir. 2015) (citing *Browning v. Navarro*, 887 F.2d 553, 558-59 (5th Cir. 1989)). The court in the previous action, the United State District Court for the Southern District of Texas, Houston Division, is a court of competent jurisdiction because it had subject matter jurisdiction and was otherwise permitted to hear the claims brought.[23] Therefore, the judgment in the prior action was rendered by a court of competent jurisdiction for *res judicata* purposes.

### iii. The prior action was concluded by a final judgment on the merits.

14. Third, for *res judicata* to apply, the prior action must have concluded with a final judgment on the merits of the case. *See Test Masters Educ. Serv.*, 428 F.3d at 571. "A court's decision to grant a motion to dismiss qualifies as actual litigation because dismissal with prejudice is 'a final judgment on the merits.'" *United States ex rel. Gage v. Rolls-Royce N. Am., Inc.*, 760 Fed. Appx. 314, 317 .

15. The January 2022 grant of Wells Fargo's motion to dismiss Plaintiff's claim is a final judgment for these purposes and satisfies this element of *res judicata*.

### iv. The same claim or cause of action was involved in both actions.

16. Fourth, *res judicata* applies when the same claim or cause of action was raised or could have been raised in the prior action. *See Test Masters Educ. Serv.*, 428 F.3d at 571. As stated previously, *res judicata* does not actually require the exact same causes of action to be raised in both actions, but rather concerns two identical actions "based on the same nucleus of *operative*

---

[23] *Ieisha Mass v. Wells Fargo Bank*, NA, Case No. 4:21-cv-2962; filed in the United States District for the Southern District of Texas Houston, Division.

*facts.*" *Id.* (emphasis added). In other words, when both actions arise out of a materially similar factual scenario, new or similar causes of actions cannot be raised later when a party had the opportunity to raise them previously.

17. The Fifth Circuit utilizes the "transactional test" to determine whether the same claim or cause of action exists. *See Test Masters Educ. Serv.*, 428 F.3d at 571. The transactional test essentially defines the transaction or transactions connected to the original action and purportedly connected by the current action, by considering "whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.*

18. For example, in *Warren v. Mortgage Electronic Registration Systems*, where a borrower attempted a third suit against a servicer on his loan, the Fifth Circuit held that because "[e]ach of the suits is based on the same loan that [the plaintiff] obtained in 2006," simply "raising new claims . . . does not allow [him] to avoid the preclusive effects of the prior judgments." 616 Fed. App'x 735, 737 (5th Cir. 2015). In other words, since the current litigation involved the same essential facts, namely the borrower's loan, it arose "from the same nucleus of operative facts." *Id.*

19. Similarly, here all of Plaintiff's causes of action concern the note, Deed of Trust, and Wells Fargo's right to foreclose. In the 2021 Action, all of Plaintiff's claims stemmed from the 2005 Deed of Trust and Loan on the Property and Wells Fargo's right to foreclose.[24] The district court rejected all of Plaintiff's claims and granted Wells Fargo's motion to dismiss.

20. Plaintiff's claims in this action not only reference the same Loan and challenge Wells Fargo's right to foreclose, they raise many of the same legal arguments aimed at stopping

---

[24] *Ieisha Mass v. Wells Fargo Bank*, NA, Case No. 4:21-cv-2962; filed in the United States District for the Southern District of Texas Houston, Division.

7

foreclosure that were considered and rejected by this Court previously. Plaintiff's claims here fall into one of two camps: i) claims identical to both suits (breach of contract and declaratory judgment for wrongful foreclosure), and ii) red herring claims which are end run attacks on Wells Fargo's ability to foreclosure (a claim for injunctive relief, negligence, and slander of title). Plaintiff's additional causes of action here will not preclude this action from dismissal based on *res judicata* because all of her claims are simply attacks on the validity of foreclosure and could have been litigated in the 2021 suit. *Ries v. Paige (In re Paige)*, 610 F.3d 865, 873 (5th Cir. 2010) ("Essential to the application of the doctrine of *res judicata* is the principle that the previously unlitigated claim *could or should have been brought in the earlier litigation*.").

21. In sum, this is a textbook example of causes of action that should have been brought in the previous action and arise out the same nucleus of operative facts because the factual scenario has not materially changed. The Plaintiff is still asserting claims regarding the Property, regarding the same Loan litigated about in the previous action, and is still trying to thwart foreclosure on the statute of limitations. Because these claims have, or could have been, litigated in the 2021 lawsuit, Plaintiff's claims in this action are entirely barred by *res judicata*.

**B. Plaintiff's claims are barred by collateral estoppel.**

22. In addition to *res judicata*, the collateral estoppel doctrine bars Plaintiff's claims. Whereas *res judicata* precludes relitigation of previously adjudicated claims, collateral estoppel precludes relitigation of issues or facts that have already been decided in a prior litigation. *Hammervold v. Blank*, 3 F.4th 803, 811 (5th Cir. 2021). The requirements for collateral estoppel include: " (1) the issue of fact or law sought to be litigated in the second action was fully and fairly litigated in the first action; (2) the facts were essential to the judgment in the first action; and (3) the parties

were cast as adversaries in the first action." *Id.*

23.     For the reasons discussed above in support of *res judicata*, each of the elements for collateral estoppel are satisfied in this action. Accordingly, the Petition should be dismissed on collateral estoppel grounds as well.

### C. Plaintiff fails to state a claim for breach of contract.

24.     Plaintiff alleges Wells Fargo breached the Deed of Trust related to the alleged reinstatement quote. First, Plaintiff cannot establish Well Fargo breached the Deed of Trust because she admits the loan is in default.[25] *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (internal quotation marks omitted) ("It is a well-established rule that a party to a contract who is himself in default cannot maintain a suit for its breach."). Further, "a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo, NA*, 650 F. App'x 223, 238 (5th Cir.2014). Here, Plaintiff fails to identify any specific provision in the deed of trust or any other contract that Wells Fargo breached.

25.     Second, Plaintiff cannot establish breach of the alleged *verbal* reinstatement agreement,[26] as the agreement must be in writing in order to be enforceable because the loan is subject to Section 26.02 of the Texas Business and Commerce Code. *See Gordon v. JPMorgan Chase Bank, NA*, 505 F' App'x 361, 364 (5th Cir. 2013)(citations omitted). The $228,000 loan is subject to the statute of frauds. *See* TEX. BUS. & COM. CODE § 26.02(a)(2) and (b) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex.1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law). The Deed of Trust permits foreclosure if there is a

---

[25] Plaintiffs' Original Petition & Application for Injunctive Relief, Docket No. 1-3.

[26] *Id.*

default and, therefore, any deviation from that written agreement must be made in writing to comply with the statute of frauds.[27] *See Jackson v. Deutsche Bank Nat'l Trust Co.*, 2015 U.S. Dist. LEXIS 152339, at *17 (N.D. Tex. Oct. 14, 2015); *see also Barcenas v. Federal Home Loan Mortgage Corp.,* 2013 U.S. Dist. LEXIS 9405, 2013 WL 286250 (S.D. Tex. Jan. 24, 2013). Yet Plaintiff does not provide any proof that Wells Fargo made a promise *in writing* to grant a reinstatement.

26. Third, the breach of contract claim fails because Wells Fargo's alleged breach of the Deed of Trust did not cause Plaintiff any damages. There is no dispute that Plaintiff obtained a temporary restraining order preventing a foreclosure and she remains in possession of the Property.[28] Moreover, Plaintiff does not have any damages for attorneys' fees, given that she is a *pro se* litigant. *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1038 (5th Cir. 2014).

### D. Plaintiff's claim for negligence must be dismissed, because there is no legal duty between Plaintiff and Defendant, and it is barred by the economic loss doctrine.

27. Texas does not impose a legal duty on a mortgagee or mortgage servicer that would give rise to a negligence or negligent misrepresentation claim. *Scott v. Bank of Am., N.A.*, 597 F. App'x 223, 225 (5th Cir. 2014) (noting that there is no legal duty between parties to a contract absent some special relationship between them and holding that no such special relationship exists between mortgagor and mortgagee). Because no legal duty exists, Plaintiff's negligence claim fails as a matter of law and should be dismissed with prejudice.

28. Further, any claim sounding in negligence is barred by the economic loss doctrine, which "generally precludes recovery in tort for economic losses resulting from the failure of a party to

---

[27] Exhibit A, Deed of Trust ¶ 11 (non-waiver provision), ¶ 21 (following acceleration lender may foreclose if borrower does not cure their default or payoff the total debt—Plaintiff alleges she did neither").

[28] Signed Order Granting Temporary Restraining Order, Docket No. 1-5.

perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). Tort claims are generally not viable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). To determine whether a tort claim is "merely a repackaged breach of contract claim," a court considers whether the claim alleges a breach of duty created by contract rather than one imposed by law and whether the injury is only the economic loss to the subject of the contract itself. *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 930-31 (N.D. Tex. 2014). In this case, Plaintiff fails to allege an existing duty arising separate and apart from the loan documents. *See id.* at 930 (holding that plaintiff's claims that defendants negligently made false statements regarding loan modification were barred by the economic loss doctrine because the plaintiff failed to allege a duty or an injury independent from the subject matter of the contract). Thus, Plaintiff's negligence claim as pled is barred by the economic loss doctrine.

### E. Plaintiff's claim for wrongful foreclosure is not ripe for adjudication.

29. Plaintiff's property has not yet been sold at foreclosure. Plaintiff's allegations regarding wrongful foreclosure are, therefore, not yet ripe. Likewise, to the extent her other claims are based on an alleged wrongful foreclosure, it is also premature. One of the elements of wrongful foreclosure is an irregularity in the sale, and where no sale has yet occurred, courts have concluded that a claim for wrongful foreclosure cannot succeed. *See Allied Capital Corp v. Cravens,* 67 S.W.3d 486, 492 (Tex. App.—Corpus Christi [13th Dist.] 2002, no pet.) (holding that in a suit for wrongful foreclosure, a foreclosure sale must have occurred) (citing *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied). PHH has

11

not sold the Property at foreclosure sale, Plaintiff has not suffered any harm, and the claims are premature.[29] The claim must be dismissed.

### F. Slander of title should be dismissed, because Plaintiff fails to assert any factual allegations in support of her claim.

30. To succeed in an action for slander of title, a party must allege and prove that the defendant, (1) with legal malice, (2) uttered and published disparaging words about plaintiff's title to property that were false and (3) resulted in the loss of a specific sale. *Cantu v. Fed. Home Loan Mortg. Corp.*, No. M-12-103, 2012 U.S. Dist. LEXIS 204642 (S.D. Tex. 2012).

31. In Plaintiff's Original Petition, Plaintiff states: "Mass possessed an estate or interest in the Property; Wells Fargo uttered and published a disparaging statement about the title of the Property; the statement was false; the statement was published with legal malice; and the publication caused special damages."[30]

32. Plaintiff simply recites the elements of a slander of title claim without any factual allegations to support the claim. Plaintiff fails to provide any specific instances in which Wells Fargo made a statement about Plaintiff's property, much less knew that the alleged statement was false or acted in reckless disregard of the truth or falsity. *Louis v. Blalock,* 543 S.W.2d 715, 717 (Tex.Civ.App. Amarillo 1976, writ ref'd n.r.e.). Furthermore, Plaintiff fails to allege any loss of a specific sale. In Texas, special damages in a slander of title are typically proven by showing that plaintiff lost a specific sale or other transaction as a result of the disparaging statement. *See Cantu,* 2012 U.S. Dist. LEXIS 204642. Plaintiff does not allege any specific lost sale. Therefore, Plaintiff has failed to state a claim for slander of title, and it should be dismissed.

---

[29] Plaintiffs' Original Petition & Application for Injunctive Relief, Docket No. 1-3.

[30] *Id.* at 6.

### G. Injunctive relief should be denied.

33. The request for injunctive relief is improper because the underlying claims fail as a matter of law and fact. *See Smith v. Wells Fargo Bank, N.A.*, Civ. Action No. H-14-283, 2014 U.S. Dist. LEXIS 104443, at *6 (S.D. Tex. July 31, 2014)("Because all of plaintiff's underlying claims fail as a matter of law, her requests for injunctive relief and attorneys' fees likewise must be denied.") (citations omitted). As such, the request should be dismissed.

### H. Request for declaratory judgment must be dismissed.

34. The request for declaratory judgment should be dismissed because the grounds supporting the request fail as a matter of law and fact. *See Conrad v. SIB Mortgage Corp.*, No. 4:14-CV-915-A, 2015 U.S. Dist. LEXIS 28349, at *7 (N.D. Tex. Mar. 6, 2015) ("A declaratory judgment action requires the parties to litigate some underlying claim or cause of action."). To the extent the request for declaratory relief is an independent cause of action it should be dismissed with prejudice.

35. The Court should also dismiss the declaratory judgment claim because it is duplicative of the breach of contract claims. *See Ventura v. Wells Fargo Bank, N.A.*, 2017 U.S. Dist. LEXIS 47517 (N.D. Tex. Mar. 30, 2017) (Dismissing declaratory judgment action because "a declaration that '(a) [] Defendant has failed to cure Constitutional defects in the loan documents, (b) . . . the mortgage lien is noncompliant with the Texas Constitution and thereby VOID, and (c) . . . title be quieted in Plaintiffs' name[ ]'" . . . "simply mirror their claims for breach of contract and quiet title; adjudication of those claims will resolve all of the issues present in this action."); *Cypress/Spanish Ft. I, L.P. v. Prof'l Serv. Indus., Inc.*, 814 F. Supp. 2d 698, 710 (N.D. Tex. 2011) (stating that if a request for declaratory judgment adds nothing to an existing lawsuit, it need not be permitted (citing *Madry v. Fina Oil & Chem. Co.*, 44 F.3d 1004 (5th Cir. 1994)). The request

should therefore be dismissed.

## V.  Conclusion and Prayer

For each of the foregoing reasons, Defendant prays the court grant this motion and dismiss the claims asserted by Plaintiff with prejudice.  Defendant further requests the court award such other relief, in law or in equity, to which Defendant may be justly entitled.

Dated: August 14, 2024                                                           Respectfully Submitted,


*/s/ José M. ("Joe") Rubio III*
**JOSÉ M. ("JOE") RUBIO III**
State Bar No. 24084576
Southern District No. 2952046
E-Mail: jrubio@dykema.com
**DYKEMA GOSSETT, PLLC**
1717 Main Street, Suite 4200
Dallas, Texas 75201
(214) 462-6400
(214) 462-6401 (fax)


-and-

**Stephanie Sepulveda**
State Bar No. 24106418
Southern District No. 3630278
Email: ssepulveda@dykema.com
**DYKEMA GOSSETT, PLLC**
1401 McKinney St., Suite 1625
Houston, Texas 77004
(713) 904-6892
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon Plaintiff and Plaintiff's counsel on August 14, 2024 via electronic mail, first class mail and CMRR in compliance with the Federal Rules of Civil Procedure.

Ieisha Mass
9514 Woodcliff Lake Dr.
Spring, Texas 77379
ieishamass@yahoo.com

Erick DeLaRue
The Law Office of Erick DeLaRue, PLLC
2800 Houston, Texas 77056
erick.delarue@delaruelaw.com
Counsel for Plaintiff

*//s/ José M. ("Joe") Rubio III*
**JOSÉ M. ("JOE") RUBIO III**